# ARNOLD & PORTER LLP

**David M. Weber**
Conflicts Attorney
David.Weber@aporter.com

+1 202.942.6482
+1 202.942.5999 Fax

601 Massachusetts Ave., NW
Washington, DC 20001-3743

November 6, 2015

Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

      Re:    *Pro-Football, Inc. v. Blackhorse, et al.*

Dear Ms. Connor:

      Enclosed please find statements pursuant to Rule 1.12 of the Virginia Rules of Professional Conduct from Michael D. Daneker and Preston Smith. If you have questions about them, please do not hesitate to contact me.

                          Sincerely,

                          David M. Weber
                          Conflicts Attorney

Encl.

73863611v1

## STATEMENT OF MICHAEL D. DANEKER PURSUANT TO RULE 1.12

1.  I am a Managing Partner of Arnold & Porter LLP (the "Firm"). I submit this statement on information and belief pursuant to the requirements of Rule 1.12 of the Virginia Rules of Professional Conduct ("Rule 1.12"), a copy of which is attached as Exhibit A.

2.  Attorney Preston Smith recently joined the Firm. Mr. Smith recently was a law clerk for the Honorable Gerald Bruce Lee of the U.S. District Court for the Eastern District of Virginia, where he worked personally and substantially on *Pro-Football, Inc. v. Blackhorse, et al.*, Case No. 1:14–cv–01043–GBL–IDD (July 8, 2015). The Firm represents Pro-Football, Inc. in appealing Judge Lee's opinion to the U.S. Court of Appeals for the Fourth Circuit (this matter and all matter substantially related thereto, the "Blackhorse Appeal").

3.  In order to comply with Rule 1.12, which prohibits an attorney from representing anyone in a matter in which that attorney participated personally and substantially as a law clerk, the Firm has screened Mr. Smith from the Blackhorse Appeal. Mr. Smith will not participate (and has not participated since joining the Firm) in this matter and will not discuss (and has not discussed) this matter with any Firm partner, associate, counsel or attorney other than as necessary to comply with the obligations of the Virginia Rules of Professional Conduct and any other applicable ethical rules.

4.  All attorneys in the Firm have been advised by memorandum that Mr. Smith is to be screened from the Blackhorse Appeal. In addition, the Firm's records

-2-

personnel have been advised that Mr. Smith is not to have access to the records and files for this matter. Through the use of screening software, Mr. Smith has been denied access to documents saved on the Firm's computer network that are coded for this matter. Notification stickers have been placed on hard-copy files for this matter, directing that Mr. Smith should be denied access to the files. Information as to Mr. Smith's screening has also been added to a database available to all Firm personnel via the Firm's computer system.

5.     Finally, Mr. Smith's compensation will not relate in any way to any fees that may arise from this matter.

_____
Michael D. Daneker
Managing Partner

Dated: November 6, 2015

## STATEMENT OF PRESTON SMITH
## PURSUANT TO RULE 1.12

1.  I am an attorney at Arnold & Porter LLP (the "Firm"). I submit this statement on information and belief pursuant to the requirements of Rule 1.12 of the Virginia Rules of Professional Conduct ("Rule 1.12"), a copy of which is attached as Exhibit A.

2.  While a law clerk for the Honorable Gerald Bruce Lee of the U.S. District Court for the Eastern District of Virginia, I worked personally and substantially on *Pro-Football, Inc. v. Blackhorse, et al.*, Case No. 1:14–cv–01043–GBL–IDD (July 8, 2015).

3.  The Firm represents Pro-Football, Inc. in appealing Judge Lee's opinion to the U.S. Court of Appeals for the Fourth Circuit (this matter and all matter substantially related thereto, the "Blackhorse Appeal").

4.  In order to comply with Rule 1.12, which prohibits an attorney from representing anyone in a matter in which that attorney participated personally and substantially as a law clerk, I have been screened by the Firm from the Blackhorse Appeal. I and the Firm have agreed that I will not participate in the Blackhorse Appeal, and I have not done so since joining the Firm, as set forth in the statement of Michael D. Daneker. I have not discussed and will not discuss this matter with any partner, associate, counsel or attorney at the Firm, other than as necessary to comply with the obligations of the Virginia Rules of Professional Conduct and any other applicable ethical rules.

5. I have not had access and will not have access to files or documents for this matter.

6. Finally, my compensation will not relate in any way to any fees that may arise from this matter.

Dated: November 4, 2015

Preston Smith

# EXHIBIT A
Virginia Rules of Professional Conduct

Rule 1.12 Former Judge Or Arbitrator

(a) Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge, other adjudicative officer, arbitrator or a law clerk to such a person, unless all parties to the proceeding consent after consultation.

(b) A lawyer shall not negotiate for employment with any person who is involved as a party or as attorney for a party in a matter in which the lawyer is participating personally and substantially as a judge, other adjudicative officer or arbitrator. A lawyer serving as a law clerk to a judge, other adjudicative officer, or arbitrator may negotiate for employment with a party or attorney involved in a matter in which the clerk is participating personally and substantially, but only after the lawyer has notified the judge, other adjudicative officer, or arbitrator.

(c) If a lawyer is disqualified by paragraph (a), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in the matter unless:

> (1) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
>
> (2) written notice is promptly given to the parties and any appropriate tribunal to enable them to ascertain compliance with the provisions of this Rule.

(d) An arbitrator selected as a partisan of a party in a multimember arbitration panel is not prohibited from subsequently representing that party.